UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 08-40156 |
| Plaintiff, | * | |
| vs. | * | REPORT AND RECOMMENDATION ON DEFENDANT'S CHANGE OF PLEA |
| BRIAN RANDALL, | * | |
| Defendant. | * | |

This matter came before the court for a change of plea hearing on Monday, March 8, 2010. The Defendant, Brian Randall, appeared in person and by his counsel, Dave Palmer, while the United States appeared by its Assistant United States Attorney, Jeff Clapper.

The defendant consented in open court to the change of plea before a United States magistrate judge. This court finds that the defendant's consent was voluntary and upon the advice of counsel. The government also consented to the plea hearing before a magistrate judge. Further, defendant waived his right to an indictment and consented to proceed via information instead.

Defendant has reached a plea agreement wherein he intends to plead guilty to the Superseding Information which charges him with Money Laundering in violation of 18 U.S.C. § 1957. At the hearing, the defendant was advised of the nature of the charges to which the defendant would plead guilty and the maximum penalties applicable, specifically: 10 years imprisonment; a $250,000 fine; or both; 3 years supervised release; 2 additional years imprisonment if supervised release is revoked; a $100 special assessment; and restitution.

Upon questioning the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that his plea of guilty to the Superseding Information is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The defendant's guilty plea to the Superseding Information is accepted. It is my report and recommendation that the defendant be adjudged guilty of that offense.

### NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 8th day of March, 2010.

BY THE COURT:

s/John E. Simko

———————————————————————
John E. Simko
United States Magistrate Judge